STATE OF MAINE                          SUPERIOR COURT
                                        CIVIL ACTION
KENNEBEC, ss.                           DOCKET NO. CV-03-46
                                        *SKS - KEN- 12/17/2003*

MEP MANAGEMENT SERVICES, INC.,

        Plaintiff

        v.                              **DECISION ON MOTION
                                            TO DISMISS**

MAINE PUBLIC UTILITIES
COMMISSION,                             *RONALD L. ........*

        Defendant
                                        FEB 18 2004

This matter comes before the court on the defendant's motion to dismiss the complaint. The parties have also filed cross-motions for summary judgment, but because the court is granting the motion to dismiss, these motions become moot.

## Background

The origin of the litigation lies in the so-called "Conservation Act," which directed the Maine Public Utilities Commission (PUC) to implement a statewide electric energy conservation program. P.L. 2001, Ch. 624, codified at 35-A M.R.S.A. § 3211-A. The emergency preamble of the legislation (L.D. 420) read, "Whereas, funds for conservation programs have been collected pursuant to existing law and there is an immediate need to put in place changes to the law in order to insure efficient and effective use of those funds", in describing the urgency of the bill. The legislation enacted a plan by which the PUC would set up long term conservation programs. However, recognizing the length of time that it takes to place some programs in operation, the Legislature also authorized the PUC to begin some interim programs immediately and without the requirement of going through a full competitive bidding process. P.L. 2001, ch. 624, § 7. While exempt by the terms of the legislation from the

competitive bidding process, the PUC elected to use a streamlined bidding process which allowed for competition, but avoided the lengthy delay of a pre-bidding rulemaking procedure.

On September 24, 2002, the PUC issued an order establishing the "Small Business Interim Conservation Program." This order directed the bidding process. On September 26, 2002, the PUC issued a 12-page request for proposal. Following submission of the proposals, on December 23, 2002, the PUC notified the other six bidders that L.K. Goldfarb Associates had been selected and awarded the contract. An unsuccessful bidder, MEP Management Services, Inc., appealed this decision within the PUC. However, on March 5, 2003, five days before the PUC would enter an order denying the appeal, MEP filed the present complaint for declaratory judgment in this court.

MEP appealed to the Law Court the decision of the PUC declining to overturn its contract award to Goldfarb. On September 16, 2003, the Law Court issued a Memorandum of Decision completely rejecting the appeal. *MEP Management Services, Inc. v. Public Utilities Commission*, Mem. 03-137, September 16, 2003, Docket No. PUC-03-155. The Court specifically found, "Contrary to MEP's contentions, neither the PUC's bidding procedures nor the award of the contract to Goldfarb was arbitrary and capricious, an abuse of discretion, fundamentally unfair, or otherwise unlawful." The PUC argues that the lone remaining issue before this court was argued before the Law Court and is therefore governed by that decision. However, it is not clear from the pleadings or record appropriately before the court on a motion to dismiss whether this is the case.

## Discussion

The one remaining claim, if any after the Law Court decision, concerns the PUC's decision not to engage in its normal lengthy rulemaking procedure prior to the competitive bid on the interim program. MEP concedes dismissal of its claims other than those that involved this failure to conduct rulemaking proceedings, which it claims are still valid under the Administrative Procedures Act. Acknowledging that the PUC was exempt from the competitive bidding process and attendant procedures such as rulemaking by the statute, MEP argues that once the PUC decided to conduct any type of competitive bidding process, even though specifically exempt, it was required to follow all of its procedures "whole hog" including rulemaking. This argument simply flies in the face of the legislative intent of getting an interim energy conservation program in operation as soon as possible despite the normal lag in implementing such a program. The Commission's decision to employ elements of basic competitive bidding should not be held to eviscerate the legislative intent in promoting an interim program.

As a result, this court finds that the plaintiff's "rulemaking" argument fails as a matter of law within the context of the pleadings themselves and the complaint must be dismissed.

The entry will be:

Motion to dismiss is GRANTED and the complaint is DISMISSED.

Dated: December 17, 2003

S. Kirk Studstrup
Justice, Superior Court

MEP MANAGEMENT SERVICES INC - PLAINTIFF
87 WINTHROP STREET
AUGUSTA ME 04330
Attorney for: MEP MANAGEMENT SERVICES INC
ROBERT A RUESCH
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

Attorney for: MEP MANAGEMENT SERVICES INC
CLAUDIA RAESSLER
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

Attorney for: MEP MANAGEMENT SERVICES INC
MERRITT TC IRELAND
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586


vs
MAINE PUBLIC UTILITIES COMMISSION - DEFENDANT

Attorney for: MAINE PUBLIC UTILITIES COMMISSION
MITCHELL TANNENBAUM
PUBLIC UTILITIES COMMISSION
18 STATE HOUSE STATION
242 STATE STREET
AUGUSTA ME 04333-0018

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2003-00046


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 03/05/2003

## Docket Events:
03/05/2003 FILING DOCUMENT - COMPLAINT FILED ON 03/05/2003

03/05/2003 Party(s):  MEP MANAGEMENT SERVICES INC
           ATTORNEY - RETAINED ENTERED ON 03/05/2003
           Plaintiff's Attorney: ROBERT A RUESCH

03/05/2003 Party(s):  MEP MANAGEMENT SERVICES INC
           ATTORNEY - RETAINED ENTERED ON 02/05/2003
           Plaintiff's Attorney: CLAUDIA RAESSLER

03/05/2003 Party(s):  MEP MANAGEMENT SERVICES INC
           ATTORNEY - RETAINED ENTERED ON 02/05/2003
           Plaintiff's Attorney: MERRITT TC IRELAND

03/05/2003 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 02/05/2003
           Plaintiff's Attorney:  ROBERT A RUESCH